IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-HC-02155-D

**Michael Ray Williams**,

    Petitioner,

v.

**Carlton Joyner**,

    Respondent.

**Memorandum & Recommendation**

  Michael Ray Williams, a state inmate, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is before the court for an initial review pursuant to Rule 4 of the Rules Governing § 2254 cases in the United States District Courts ("Habeas Rules"). For the following reasons, the undersigned recommends that Williams's petition be dismissed without prejudice and that a certificate of appealability be denied.

  Williams filed the instant petition on or about July 22, 2015, challenging his August 30, 1994 conviction on three counts for second degree rape. Pet. at 1, D.E. 1. Court records indicate that Williams previously filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging those same convictions. *See Williams v. Jackson*, No. 5:00-HC-170-F (E.D.N.C. Jan. 16, 2001). The Antiterrorism and Effective Death Penalty Act bars a claim presented in a second or successive habeas corpus application under § 2254 that was not presented in a prior application unless:

  (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

  (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

    (ii)  the facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

  Before a second or successive application for habeas relief may be filed in the district court, an applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see In re Williams*, 364 F.3d 235, 238 (4th Cir. 2004) ("The initial determination of whether a claim satisfies [the requirements set forth in § 2244(b)(2)] must be made by a court of appeals." (citation omitted)). Williams has not received authorization to file this second or successive action from the Fourth Circuit. Thus, this court does not have jurisdiction to review the matters set forth in the current petition until authorized to do so by the Fourth Circuit Court of Appeals. Accordingly, it is recommended that Williams's habeas claim be dismissed without prejudice to allow him to seek authorization to file this application.

  The court now determines whether Williams is entitled to a certificate of appealability. Rule 11 of the Habeas Rules provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined that Williams is not entitled to relief, the court considers whether Williams is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

  A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate

that reasonable jurists could debate whether the issue should have been decided differently or show that the issue is adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Slack*, 529 U.S. at 485.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds that reasonable jurists would not find the court's treatment of any of Williams's claims debatable or wrong and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, the undersigned recommends that a certificate of appealability be denied.

For the foregoing reasons, the undersigned recommends that Williams's petition be dismissed without prejudice and that a certificate of appealability be denied.

The Clerk is ordered to send a copy of this Memorandum and Recommendation to Williams. He shall have until 14 days after service of the Memorandum and Recommendation to file written objections. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is made and may accept, reject, or modify the determinations in the Memorandum and

Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If Williams does not file written objections to the Memorandum and Recommendation by the foregoing deadline, he will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, his failure to file written objections by the foregoing deadline will bar him from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins***, 766 F.2d 841, 846–47 (4th Cir. 1985).**

Dated: April 12, 2016

*Robert T. Numbers II*

ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE