IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-HC-2155-D

MICHAEL RAY WILLIAMS,      )
                                )
            Petitioner,   )
                                )      **ORDER**
        v.                  )
                                )
CARLTON JOYNER,         )
                                )
            Respondent.  )

On April 12, 2016, Magistrate Judge Numbers issued a Memorandum and Recommendation ("M&R") [D.E. 12]. In that M&R, Judge Numbers recommended that the court dismiss without prejudice as successive Michael Ray Williams' ("Williams") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 21, 2016, Williams objected to the M&R [D.E. 13].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F .3d at 315 (quotation omitted). Moreover, the court need not conduct a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Wells v. Shriners

Hosp., 109 F.3d 198, 200–01 (4th Cir. 1997). "Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only those portions of the report or specified proposed findings or recommendations to which objection is made." United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007).

Williams's objections reiterate arguments stated in his petition, and his objections do not meaningfully rebut the M&R. Compare M&R [D.E. 12] 1–2 with Objs. [D.E. 13] 1–4. Because Williams's objections fail to meaningfully address the M&R, de novo review is not required. See, e.g., Wells, 109 F.3d at 200–01; Orpiano, 687 F.2d at 47.

Alternatively, Williams objections lack merit. Williams concedes in his objections that his petition is successive. See Objs. 1. Before filing a second or successive application for habeas relief in the district court, an applicant "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see Magwood v. Patterson, 561 U.S. 320 (2010). This court does not have jurisdiction to review the matters set forth in Williams's current petition until the United States Court of Appeals for the Fourth Circuit authorizes such review. See 28 U.S.C. § 2244(b)(3)(A); United States v. MacDonald, 641 F.3d 596, 603–04 (4th Cir. 2011); In re Williams, 364 F.3d 235, 238 (4th Cir. 2004); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

In sum, after reviewing the M&R, the record, and Williams' objections, the court agrees with the legal conclusions in the M&R. Accordingly, Williams' objections [D.E. 13] are OVERRULED, and the court adopts the conclusions in the M&R [D.E. 12]. Williams's petition is DISMISSED, and the court denies a certificate of appealability. See 28 U.S.C. § 2253(c);

2

Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). The clerk shall close the case.

SO ORDERED. This 28 day of March 2017.

JAMES C. DEVER III
Chief United States District Judge